De La Rosa v Isabella Geriatric Ctr., Inc.

2026 NY Slip Op 02447

April 23, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Maria Alexandra De La Rosa Also Known as Maria A. De La Rosa etc., Plaintiff-Respondent,

v

Isabella Geriatric Center, Inc., Doing Business as Isabella Center for Rehabilitation and Nursing Care Defendant-Appellant, ABC Corporation et al., Defendants.

Decided and Entered: April 23, 2026

Index No. 152822/22|Appeal No. 6462|Case No. 2025-01529|

Before: Manzanet-Daniels, J.P., Kennedy, González, Pitt-Burke, Rosado, JJ.

Kaufman Borgeest & Ryan LLP, New York (Brennan P. Breeland of counsel), for appellant.

Napoli Shkolnik, PLLC, Melville (Mary Ann Candelario of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Richard G. Latin, J.), entered March 11, 2025, which denied the motion of defendant Isabella Geriatric Center, Inc., d/b/a Isabella Center for Rehabilitation and Nursing Care pursuant to CPLR 3211(a)(7) to dismiss the complaint, unanimously affirmed, without costs.

Plaintiff alleges that decedent Bartolina Morel resided at defendant's nursing home facility in Manhattan. On April 4, 2020, while in defendant's care, decedent contracted COVID-19 and was transferred to New York Presbyterian Hospital. She died later that same day. Plaintiff alleges that defendant failed to protect its residents, including decedent, from the COVID-19 virus, which ultimately caused decedent's death.

Supreme Court properly denied defendant's motion to dismiss the complaint because defendant failed to establish as a matter of law that it was entitled to immunity from liability under the Emergency or Disaster Treatment Protection Act (EDTPA) (see Holder v Jacob, 231 AD3d 78, 87 [1st Dept 2024]). Defendant submitted, among other things, decedent's certified medical records from defendant's facility, defendant's COVID-19 protocols, and an affidavit from Norma Feliz, a therapeutic recreation specialist defendant employed during the pandemic.

Here, of the three conditions imposed by former Public Health Law § 3082(1), the evidence conclusively established two of the conditions in that defendant was a "health care facility" providing "health care services" that relate to the "the diagnosis, prevention, or treatment of COVID-19" (see former Public Health Law § 3081 [3], [5]; 3082 [1] [a], [b]). Plaintiff's medical records and defendant's pandemic-related policies issued in March 2020 reflect that decedent was monitored for COVID-19 systems, subjected to those policies, and evaluated and treated for a suspected COVID-19 infection while residing at defendant's facility (cf. Jackson v Bronxcare Health Sys., 236 AD3d 594, 595 [1st Dept 2025]). Further, it is self-evident that decedent's care was impacted by defendant's response to the pandemic because she died from COVID-19 (see Holder, 231 AD3d at 82-83; Madourie v Montefiore Med. Ctr., 246 AD3d 247, 248-249 [1st Dept 2026]).

[*2]

Nevertheless, the court correctly denied the motion, as issues of fact exist concerning plaintiff's claim of gross negligence and the third condition imposed by former Public Health Law § 3082(1) — namely, whether defendant provided decedent "health care services in good faith" (former Public Health Law § 3082 [1] [b]). In opposition to defendant's motion, plaintiff submitted a May 18, 2020 citation issued to defendant less than six weeks after decedent died, for failing to use facemasks and to follow cohorting requirements. The citation was issued following a survey and interviews. Thus, at this stage, while the record shows that defendant implemented specific policies to prevent and control the spread of COVID-19, there remain questions concerning whether defendant complied with those same policies.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 23, 2026